*Hallam & Hallam, for appellant.*

*Frisks, for appellee.*

---

JOHN WELSH *v.* LOU., CIN. & LEX. R. Co.

**Limitation of Actions—Personal Injuries—Suspension of Statute.**
To suspend the operation of the statute of limitations against an action for personal injuries, plaintiff should have alleged and proven facts showing either that the defendant had prevented him from suing, or by agreement, contract, or understanding had induced him to refrain from bringing suit.

**Limitation of Actions—Personal Injuries—When Statute Begins to Run.**
The statute of limitations begins to run against an action for personal injuries on the day of the injury, and the fact that plaintiff did not discover the extent of his injuries until several months thereafter can not relieve him from the operation of the statute.

APPEAL FROM KENTON CIRCUIT COURT.

January 16, 1873.

OPINION BY JUDGE LINDSAY:

There is nothing in this record from which we feel authorized to conclude that there existed between the parties any such contract

or agreement as would suspend the running of the statute of limitation.

Appellant states that immediately after being injured, the railroad company caused him to be taken to a hospital at Covington, paid for his board and the attention bestowed upon him, and also employed a surgeon to give him medical attention and to restore, if possible, his injured leg to such an extent as to render him able to take care of himself in the future, and that at the end of eight months such attention was withdrawn. He does not claim that he received this care and attention in pursuance to any contract or understanding with the company that he was to be so taken care of, or that he was to be restored at its expense, as would enable him to earn a living, but leaves it to be inferred that it was a mere gratuity.

To suspend the operation of the statute he should have alleged and proved such a state of case as would show, either that the company had prevented him from suing, or by an agreement, contract or understanding had induced him to refrain from doing so. And upon this latter hypothesis it would be necessary to place the company in such a position that the plea of limitation upon its part would amount to a fraud.

The fact that appellant did not discover the extent of his injuries for several months can not avail him. The cause of action occurred. the day the injury was inflicted, and from that day the statute commenced to run.

The peremptory instruction to find for the appellee was proper.

Judgment *affirmed*.

*Fisks, for appellant.*